UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Respondent/Plaintiff,<br>v.<br>JOSHUA JAMES STOUT,<br><br>    Petitioner/Defendant. | Case Nos. 3:15-cr-00055-MMD-CLB-2<br>3:20-cv-00375-MMD[1]<br><br>ORDER |

**I.   SUMMARY**

On July 1, 2017, a grand jury indicted Petitioner Joshua James Stout on two counts of Possession of Stolen Firearms, in violation of Title 18, United States Code, Sections 922(j) and 924(a)(2), and two counts of Felon in Possession of a Firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). (ECF No. 1.) Pursuant to a plea agreement (ECF No. 70), Stout pled guilty to one count of Possession of a Stolen Firearm, and the remaining counts were dismissed (ECF No. 88). The Court sentenced Stout to 92 months imprisonment. (ECF Nos. 89, 90.) Before the Court is Stout's motion to vacate, set aside, or correct his conviction and sentence under 28 U.S.C. § 2255(a). (ECF No. 142 (the "Motion").)[2] Stout filed his Motion in response to the Supreme Court's ruling in *Rehaif v. U.S.*, 139 S. Ct. 2191 (2019), arguing that the Supreme Court's reinterpretation of 18 U.S.C. §§ 922(g) and 924(a)(2) in *Rehaif* renders his indictment defective for failure to include a requisite mens rea element. Without addressing *Rehaif*'s

---

[1]Case No. 3:15-cr-00055-MMD-CLB-2 is the underlying criminal matter. Case No. 3:20-cv-00375-MMD is the civil matter opened when the Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. 2255 was filed on June 20, 2020.

[2]The government opposes the Motion. (ECF No. 144.) Stout filed a reply. (ECF No. 149.) The government filed a sur-reply. (ECF No. 150.)

applicability to § 922(j), the Court will deny the Motion because Stout waived the right to raise constitutional claims when he pled guilty unconditionally.

## II. BACKGROUND

On July 1, 2017, a grand jury indicted Petitioner Joshua James Stout on two counts of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and two counts of Possession of Stolen Firearms, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). (ECF No. 1.) Pursuant to a plea agreement, two counts of Felon in Possession of a Firearm, and one count of Possession of Stolen Firearms, were dismissed. (ECF No. 70.) Stout pled guilty in open court to one count of Possession of Stolen Firearms. (ECF No. 88.) The Court sentenced Stout to 92 months imprisonment and three years supervised release, and judgment was entered on July 19, 2016. (ECF No. 89.)[3] Stout did not appeal his sentence. On June 20, 2020, he filed the Motion. (ECF No. 142.)

## III. LEGAL STANDARD

As noted, Stout requests his sentence be vacated, set aside, or corrected under 28 U.S.C. § 2255(a) following the Supreme Court's decision in *Rehaif*, 139 S. Ct. 2191. (*Id.*) Under § 2255, a federal prisoner may "move the court which imposed the sentence to vacate, set aside or correct the sentence" if the sentence was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255(a). On June 21, 2019, the Supreme Court decided *Rehaif,* overruling longstanding Ninth Circuit precedent regarding the required mens rea under 922(g) and 924(a)(2).[4] *See* 139 S. Ct. at 2200. Prior to the decision, the government was only required to prove the defendant knowingly possessed a firearm. *See id.* But under *Rehaif*, the government "must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* Thus, the decision added a new mens rea element to 922(g) and 924(a)(2).

---

[3]An amended judgement was entered on August 2, 2016. (ECF No. 90.)

[4]*See U.S. v. Enslin*, 327 F.3d 788,798 (9th Cir. 2003) (holding the government did not need to prove defendant knew of their prohibited status under 922(g).)

2

## IV. DISCUSSION

Stout argues that his indictment as to two counts of Felon in Possession of a Firearm failed to state a federal crime by omitting a necessary element of § 922(g)(1) required under *Rehaif*, depriving the court of subject matter jurisdiction and rendering his conviction unconstitutional. (ECF No. 142.) As to the constitutionality of the conviction, Stout claims that the indictment lacked a cognizable claim, violating his Fifth Amendment right requiring that the grand jury find probable cause to support all necessary elements of the crime, and his Sixth Amendment right guaranteeing notice of the nature and cause of the accusations against him. (*Id.*) Further, Stout argues that the government was required to demonstrate not only that he knew of his prohibited status, but also that he knew his status prohibited him from possessing a firearm. (*Id.*) Ultimately, Stout maintains these errors are structural, requiring the Court vacate his conviction and release him. (*Id.*)

The government responds that Stout's claims are "based on an erroneous premise" and therefore without merit. (ECF No. 144 at 2.) Specifically, the government argues that *Rehaif* does not apply to convictions under § 922(j), therefore making the Motion untimely. Further, the government argues that the Court did not lack jurisdiction at the time of sentencing, and any error in the indictment did not affect the validity of Stout's plea. (ECF No. 150 at 5-6.)

The Court does not address the applicability of *Rehaif* to convictions under § 922(j), but instead denies the Motion on other grounds. First, the Court finds that any defect in his indictment did not strip the Court of subject matter jurisdiction when it imposed his sentence. Further, the government was not required to prove Stout knew he was prohibited from possessing a firearm. Finally, Stout waived his right to bring a challenge by pleading guilty. In short, the Motion is ultimately denied because Stout waived his right by pleading guilty.

///

///

///

### A. Subject Matter Jurisdiction

Stout argues that because the indictment did not describe each element of the offense he was charged with, it failed to make out a federal offense, depriving the Court of jurisdiction under 18 U.S.C. § 3231—a defect constituting structural error. (ECF No. 142 at 13-15.) To the extent the indictment was defective for failing to allege the mens rea element under *Rehaif*, it did not deprive this Court of subject matter jurisdiction. *See U.S. v. Abundis*, Case No. 2:18-cr-00158-MMD-VCF-1 (D. Nev. Nov. 30, 2020).

### B. Required Proof

Stout further argues that the plain language of *Rehaif* requires the government not only demonstrate he knew of his prohibited status—as previously convicted of a crime punishable by more than one year—but knew that this status barred him from possessing a firearm. (ECF No. 142 at 7-8.) The Court finds that the government was only required to prove that Stout knew of his prohibited status, not that Stout knew his status barred him from possessing a firearm. *See Abundis*, Case No. 2:18-cr-00158-MMD-VCF-1.

### C. Claims Waived by Unconditional Guilty Plea

The government argues that by pleading guilty unconditionally, Stout waived his right to make any non-jurisdictional challenges to the indictment under the rule announced in *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). (ECF No. 60 at 15.) The Court finds Stout's claims are barred by his guilty plea. *See Abundis*, Case No. 2:18-cr-00158-MMD-VCF-1. Therefore, the Court had jurisdiction to convict Stout, as discussed above, and his claims are barred by his guilty plea.

## V. CERTIFICATE OF APPEALABILITY

Before Stout can appeal the Court's decision to deny his Motion, he must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22; 9th Cir. R. 22-1; *U.S. v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011). To receive such a certificate, a petitioner must make "'a substantial showing of the denial of a constitutional right' as to each issue the petitioner seeks to appeal." *Washington*, 653 F.3d at 1059 (quoting 28 U.S.C. § 2253(c)(2), (3)). "The petitioner must demonstrate that reasonable jurists would

find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court determines that reasonable jurists would not find its reasoning debatable or wrong. Thus, the Court will deny a certificate of appealability.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Stout's motion to vacate, set aside, or correct his conviction and sentence (ECF Nos. 142) is denied.

It is further ordered that a certificate of appealability is denied.

The Clerk is directed to enter judgment in accordance with this order and close this case.

DATED THIS 3rd Day of December 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE